COPY

ORIGINAL
FILED

2010 MAR 12  A 10: 23

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
N.D. OF CALIF. SAN JOSE

ADR

E-filing

1  BAKER BOTTS L.L.P.
2  Bryant C. Boren Jr. (SBN 260602)
   Kevin E. Cadwell (SBN 255794)
3  620 Hansen Way
   Palo Alto, CA 94304
4  Telephone: (650) 739-7500
   Facsimile : (650) 739-7699
5  Email: bryant.c.boren@bakerbotts.com
   Email: kevin.cadwell@bakerbotts.com
6
   Attorneys for Plaintiffs
7  AT&T Intellectual Property I, L.P. and
   AT&T Intellectual Property II, L.P.
8
9            IN THE UNITED STATES DISTRICT COURT
10         FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                    SAN JOSE DIVISION
12  AT&T INTELLECTUAL PROPERTY I, L.P., and      CASE NO.  CV10-01059 MEJ
    AT&T INTELLECTUAL PROPERTY II, L.P.,
13
14                       Plaintiffs,            COMPLAINT FOR PATENT
                                                INFRINGEMENT
15            v.
                                                DEMAND FOR JURY TRIAL
16  TIVO INC.,
17                       Defendant.
18
19      Plaintiffs AT&T Intellectual Property I, L.P., and AT&T Intellectual Property II, L.P.
20  (collectively, "AT&T"), by its undersigned attorneys, allege in this Complaint against TiVo Inc.
21  ("TiVo") as follows:
22                        NATURE OF THE ACTION
23      1.    This civil action arises out of patent infringement under the Patent Laws of the
24  United States, 35 U.S.C. § 100, *et seq.*, and, in particular, under the provisions of
25  35 U.S.C. § 271.
26      2.    AT&T seeks relief from TiVo's infringement of AT&T's patent rights under U.S.
27  Patent Nos. 5,809,492; 5,922,045; 6,118,976; and 6,983,478, as set forth more fully below.
28

**THE PARTIES**

3.      Plaintiffs AT&T Intellectual Property I, L.P. and AT&T Intellectual Property II, L.P. are Nevada limited partnerships with headquarters in Atlanta, Georgia.

4.      Defendant TiVo Inc. is a Delaware corporation with a principal place of business at 2160 Gold Street, Alviso, California 95002.

**JURISDICTION**

5.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant TiVo, which has conducted and continues to conduct business in the State of California and in this Judicial District. Defendant TiVo's principal place of business is within this Judicial District, in Alviso, California. Defendant TiVo has committed acts of patent infringement alleged herein within the State of California and, more particularly, within this Judicial District. Moreover, Defendant TiVo has purposefully and voluntarily placed its infringing products, processes, and services into the stream of commerce with the expectation that they will be purchased by consumers in this Judicial District. These infringing products, processes, and services have been and continue to be purchased by consumers in this Judicial District.

**VENUE**

7.      Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(b) and 1400(b) because, upon information and belief, acts and transactions constituting at least a subset of the violations alleged herein occurred in part in this Judicial District and because Defendant TiVo is found and transacts business in this Judicial District. Venue is also proper in this Judicial District under 28 U.S.C. § 1391(c) because Defendant TiVo is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

8.      Because this action concerns claims for patent infringement, this case is not subject to assignment to a particular location or division of the Court pursuant to Local Rule 3-2(c).

### COUNT ONE:  INFRINGEMENT OF U.S. PATENT NO. 5,809,492

9.      AT&T incorporates by reference Paragraphs 1 through 8, as if fully set forth herein.

10.     United States Patent No. 5,809,492, entitled "Apparatus and Method for Defining Rules for Personal Agents" (hereinafter, the "'492 patent"), duly and legally issued on September 15, 1998 after a full and fair examination.  AT&T Intellectual Property II, L.P. is the assignee of all rights, title, and interest in the '492 patent, including the right to sue and recover for all past infringement.  A true copy of the '492 patent is attached as Exhibit A.

11.     As an example, and not to be limited to only a single infringing product, TiVo has developed, has tested, promotes, markets, and sells DVR units that can execute software program modules for managing the recording and deletion of programs, such as "Season Pass Manager." Such products (or the use or operation of such products) fall within the scope of one or more claims of the '492 patent.

12.     TiVo has infringed and continues to infringe the '492 patent, by, among other acts, making, using, offering for sale, selling, and/or importing within this Judicial District and elsewhere in the United States, without license or authority by AT&T, products covered by one or more claims of the '492 patent, including, but not limited to, DVR units that can execute software program modules for managing the recording and deletion of programs.

13.     As a consequence of TiVo's infringement, AT&T is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

14.     TiVo has caused and will continue to cause AT&T substantial damage and irreparable injury by virtue of its past and continuing infringement of the '492 patent.  TiVo will

1   continue to infringe the '492 patent unless enjoined by this Court.  AT&T will suffer further

2   damage and irreparable injury unless and until TiVo is enjoined by this Court from continuing

3   such infringement.

4   **COUNT TWO:  INFRINGEMENT OF U.S. PATENT NO. 5,922,045**

5       15.    AT&T incorporates by reference Paragraphs 1 through 14, as if fully set forth

6   herein.

7       16.    United States Patent No. 5,922,045, entitled "Method and Apparatus for

8   Providing Bookmarks when Listening to Previously Recorded Audio Programs" (hereinafter, the

9   "'045 patent"), duly and legally issued on July 13, 1999 after a full and fair examination.  AT&T

10  Intellectual Property II, L.P. is the assignee of all rights, title, and interest in the '045 patent,

11  including the right to sue and recover for all past infringement.  A true copy of the '045 patent is

12  attached as Exhibit B.

13      17.    As an example, and not to be limited to only a single infringing product, TiVo has

14  developed, has tested, promotes, markets, uses, and sells services for displaying streaming

15  television programs and movies.  Such services (or the use or operation of such services) fall

16  within the scope of one or more claims of the '045 patent.

17      18.    TiVo has infringed and continues to infringe the '045 patent, by, among other

18  acts, making, using, offering for sale, and/or selling within this Judicial District and elsewhere in

19  the United States, without license or authority by AT&T, services covered by one or more claims

20  of the '045 patent, including, but not limited to, services for displaying streaming television

21  programs and movies.

22      19.    As a consequence of TiVo's infringement, AT&T is entitled to recover damages

23  adequate to compensate it for the infringement complained of herein, but in no event less than a

24  reasonable royalty.

25      20.    TiVo has caused and will continue to cause AT&T substantial damage and

26  irreparable injury by virtue of its past and continuing infringement of the '045 patent.  TiVo will

27  continue to infringe the '045 patent unless enjoined by this Court.  AT&T will suffer further

28

1   damage and irreparable injury unless and until TiVo is enjoined by this Court from continuing

2   such infringement.

3          **COUNT THREE:  INFRINGEMENT OF U.S. PATENT NO. 6,118,976**

4          21.   AT&T incorporates by reference Paragraphs 1 through 20, as if fully set forth

5   herein.

6          22.   United States Patent No. 6,118,976, entitled "Asymmetric Data Communications

7   System" (hereinafter, the "'976 patent"), duly and legally issued on September 12, 2000 after a

8   full and fair examination.  AT&T Intellectual Property I, L.P. is the assignee of all rights, title,

9   and interest in the '976 patent, including the right to sue and recover for all past infringement.  A

10  true copy of the '976 patent is attached as Exhibit C.

11         23.   As an example, and not to be limited to only a single infringing product, TiVo has

12  developed, has tested, promotes, markets, and sells DVR units that allow for user interaction

13  through a communications channel ("interactive DVR units").   Such products (or the use or

14  operation of such products) fall within the scope of one or more claims of the '976 patent.

15         24.   TiVo has infringed and continues to infringe the '976 patent, by, among other

16  acts, making, using, offering for sale, selling, and/or importing within this Judicial District and

17  elsewhere in the United States, without license or authority by AT&T, products and/or processes

18  covered by one or more claims of the '976 patent, including, but not limited to, interactive DVR

19  units.

20         25.   As a consequence of TiVo's infringement, AT&T is entitled to recover damages

21  adequate to compensate it for the infringement complained of herein, but in no event less than a

22  reasonable royalty.

23         26.   TiVo has caused and will continue to cause AT&T substantial damage and

24  irreparable injury by virtue of its past and continuing infringement of the '976 patent.  TiVo will

25  continue to infringe the '976 patent unless enjoined by this Court.  AT&T will suffer further

26  damage and irreparable injury unless and until TiVo is enjoined by this Court from continuing

27  such infringement.

28

**COUNT FOUR:  INFRINGEMENT OF U.S. PATENT NO. 6,983,478**

27.    AT&T incorporates by reference Paragraphs 1 through 26, as if fully set forth herein.

28.    United States Patent No. 6,983,478, entitled "Method and System for Tracking Network Use" (hereinafter, the "'478 patent"), duly and legally issued on January 3, 2006 after a full and fair examination.  AT&T Intellectual Property I, L.P. is the assignee of all rights, title, and interest in the '478 patent, including the right to sue and recover for all past infringement.  A true and correct copy of the '478 patent is attached as Exhibit D.

29.    As an example, and not to be limited to only a single infringing product, TiVo has developed, has tested, promotes, markets, uses and sells services for tracking DVR-use patterns, such as "Stop||Watch" and "Power||Watch."  Such services (or the systems used to provide such services) fall within the scope of one or more claims of the '478 patent.

30.    TiVo has infringed and continues to infringe the '478 patent, by, among other acts, making, using, offering for sale, and/or selling within this Judicial District and elsewhere in the United States, without license or authority by AT&T, services covered by one or more claims of the '478 patent, including, but not limited to, services for tracking DVR-use patterns.

31.    As a consequence of TiVo's infringement, AT&T is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

32.    TiVo has caused and will continue to cause AT&T substantial damage and irreparable injury by virtue of its past and continuing infringement of the '478 patent.  TiVo will continue to infringe the '478 patent unless enjoined by this Court.  AT&T will suffer further damage and irreparable injury unless and until TiVo is enjoined by this Court from continuing such infringement.

**JURY DEMAND**

AT&T hereby demands a jury trial on all issues so triable.

**PRAYER**

WHEREFORE, AT&T prays for relief against TiVo as follows:

a.      A judgment that TiVo has infringed the claims of U.S. Patent Nos. 5,809,492; 5,922,045; 6,118,976; and 6,983,478 (collectively, "the patents-in-suit");

b.      A permanent injunction enjoining TiVo, its officers, agents, servants, employees, representatives, licensees, successors, assigns, and those persons in active concert or participation with any of them, from making, using, selling, offering to sell, and importing products, services, or processes that infringe the patents-in-suit;

c.      Awarding AT&T damages adequate to compensate for the infringement by TiVo, but in no event less than a reasonable royalty for the use made of the invention by TiVo, together with interest and costs under 35 U.S.C. § 284;

d.      Awarding pre-judgment and post-judgment interest on the damages assessed; and

e.      Awarding to AT&T such other and further relief as the Court deems just.


Dated: March 12, 2010                    Respectfully submitted,

                                         BAKER BOTTS L.L.P.



                                         _____
                                              Bryant C. Boren Jr.
                                              Attorneys for Plaintiffs
                                         AT&T Intellectual Property I, L.P. and
                                         AT&T Intellectual Property II, L.P.