UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY I, et al.,<br><br>   Plaintiffs,<br><br>   vs.<br><br>TIVO, INC.,<br><br>   Defendant. | Case No:  C 10-01059 SBA<br><br>**ORDER**<br><br>Dkts. 49, 54 |

Plaintiffs filed this patent infringement action against Defendant on March 12, 2010. The Claim Construction hearing in this matter is scheduled for January 27, 2011.  Presently before the Court are Defendant's Administrative Motion for Leave to Designate Additional Terms for Claim Construction or, in the Alternative, to Limit the Number of Asserted Claims, and Defendant's Administrative Motion Regarding Claim Groupings.

**A.     DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO DESIGNATE ADDITIONAL TERMS**

On October 8, 2010, Defendant filed an Administrative Motion for Leave to Designate Additional Terms for Claim Construction or, in the Alternative, to Limit the Number of Asserted Claims. Dkt. 49. Pursuant to the Court's Standing Order, no more than ten terms total are to be identified for construction in patent infringement cases. See Patent Standing Order ¶ 3. However, a party may request leave to designate additional terms if it "genuinely believes that it will require that more than ten terms be construed." Id. ¶ 4. "The requesting party must demonstrate good cause and explain why other methods of limiting the claims at issue (such as the selection of representative claims or any grouping of claims by issues presented) would be ineffective." Id.

| | |
|---|---|
| 1 | Here, Defendant seeks leave to identify forty-eight claim terms for construction, on the |
| 2 | ground that Plaintiffs have asserted against Defendant forty-eight patent claims spanning four |
| 3 | different patents.  However, Defendant has failed to identify which of the forty-eight of the |
| 4 | sixty-three claim terms it has identified for construction should ultimately be construed by the |
| 5 | Court.  Nor has Defendant specifically explained why <u>forty-eight</u> claim terms need to be |
| 6 | construed in this matter, other than noting that forty-eight patent claims have been asserted. |
| 7 | Alternatively, Defendant asks the Court to limit Plaintiffs to asserting only ten patent claims |
| 8 | total in this action.  In support of that argument, Defendant relies solely on a Scheduling Order |
| 9 | in an Eastern District of Texas case that limited asserted claims to ten.  As noted by Plaintiffs, |
| 10 | while some courts have restricted the number of asserted claims for case management |
| 11 | purposes, in those instances, the number of asserted claims was much higher than forty-eight. |
| 12 | <u>See, e.g.</u>, <u>Stamps.com v. Endicia, Inc.</u>, Case No. 06-CV-7499 (N.D. Cal. May 21, 2009) |
| 13 | (Breyer, J.) (citing order by magistrate to reduce asserted claims from over 400 to 30 before |
| 14 | expert discovery); <u>Katz Tech. Licensing, L.P. v. Citibank</u>, Case No. 5:05-CV-142 (E.D. Tex. |
| 15 | Jan. 27, 2008) (requiring patentee to reduce asserted claims from over 800 to a "reasonable" |
| 16 | number).  For these reasons, the Court finds that Defendant has failed to show good cause as to |
| 17 | why construction of forty-eight claim terms is necessary, or as to why Plaintiffs should be |
| 18 | limited to asserting only ten claims. |
| 19 | **B.    DEFENDANT'S ADMINISTRATIVE MOTION REGARDING CLAIM GROUPINGS** |
| 20 | On October 22, 2010, the parties filed their Joint Claim Construction and Prehearing |
| 21 | Statement ("JCCS"), offering competing constructions of ten claim terms.  Two of these claim |
| 22 | terms are "groups" of a few similar terms, for which each side has offered a single proposed |
| 23 | construction. Subsequently, on October 25, 2010, Defendant filed an Administrative Motion |
| 24 | Regarding Claim Groupings.  Dkt. 54.  Defendant asserts that the Court should include four |
| 25 | claim groupings linked by common issues to terms already designated by the parties for |
| 26 | construction.  Those four groupings are indicated in Exhibit D to the Goldberg Declaration in |
| 27 | support of Defendant's motion.  Dkt. 54-5, Ex. D.  Defendant represents that it provided these |
| 28 | four claim groupings to Plaintiffs, but they refused to include them in the parties' JCCS. |

Plaintiffs oppose Defendant's motion for claim term groupings on the ground that "the jury can understand these terms without further interpretation." Dkt. 55 at 5.  In view of the number of claims asserted, the Court finds that Defendant has shown good cause for identifying these four additional claim term groupings for construction.  Furthermore, Defendant's motion is consistent with the Court's Patent Standing Order, which suggests claim groupings as a method for narrowing claim construction issues.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendant's Administrative Motion for Leave to Designate Additional Terms for Claim Construction or, in the Alternative, to Limit the Number of Asserted Claims is DENIED.

2. Defendant's Administrative Motion Regarding Claim Groupings is GRANTED.  By no later than November 15, 2010, the parties shall file an amended Joint Claim Construction and Prehearing Statement that includes proposed constructions for the four claim term groupings identified by Defendant in its motion.

3. This Order terminates Dockets 49 and 54.

IT IS SO ORDERED.

Dated: November 8, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge