UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY I, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TIVO, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No: C 10-01059 SBA <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING REEXAMINATION** <br><br> Dkt. 63 |

Plaintiffs bring this action against Defendant asserting infringement of U.S. Patent Nos. 5,809,492 (the "'492 Patent"), 5,922,045 (the "'045 Patent"), 6,118,976 (the "'976 Patent") and 6,983,478 (the "'478 Patent") (collectively, the "patents-in-suit"). The parties are presently before the Court on Defendant's Motion to Stay Pending Reexamination. Dkt. 63. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendant's Motion to Stay. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.   BACKGROUND**

On March 12, 2010, Plaintiffs filed this action against Defendant asserting infringement of the patents-in-suit. The initial case management conference occurred on June 24, 2010, during which the Court set the claim construction hearing for January 27, 2011. Dkt. 34. No trial date has been set. Plaintiffs filed a First Amended Complaint ("FAC") on December 17,

2010. On January 20, 2011, Defendant filed its Answer and Counterclaims, asserting counterclaims seeking declaratory judgment of non-infringement and invalidity of the patents-in-suit. Dkt. 83.

Meanwhile, on December 3, 2010, Defendant filed a *inter partes* reexamination request with the U.S. Patent and Trademark Office ("PTO") for the '478 Patent.[1] Mouzari Decl. Ex. 6, Dkt. 63-1. On that same day, Defendant also filed with the PTO *ex parte* reexamination requests for the '492 Patent, the '045 Patent, and the '976 Patent. Id. Exs. 7-9. Defendant's four reexamination requests collectively ask the PTO to reexamine all of the patent claims asserted in this action.

On December 6, 2010, Defendant filed the instant Motion to Stay Pending Reexamination. Dkt. 63. Plaintiffs oppose Defendant's motion. On December 29, 2010, the Court vacated the January 27, 2011 claim construction hearing pending resolution of Defendant's motion to stay. Dkt. 78. After the close of briefing on the stay motion, Defendant filed a notice with this Court indicating that the PTO has granted Defendant's requests for reexamination with respect to all four patents-in-suit. Dkt. 84.

## II. **LEGAL STANDARD**

"A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." Enzo Biochem, Inc. Gen-Probe Inc., 424 F.3d 1276, 1281 (Fed. Cir. 2005) (citation omitted). However, "[a]ny person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art…." 35 U.S.C. § 302. A district court has the discretion to stay judicial proceedings pending reexamination of a patent. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); accord Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008). In determining whether to grant a stay pending reexamination, courts consider: (1) whether

---

[1] An *inter partes* proceeding allows third parties to have a role in the reexamination process, while an *ex parte* proceeding does not. See Cooper Techs. Co. v. Dudas, 536 F.3d 1330, 1332 (Fed. Cir. 2008); 35 U.S.C. § 302 (*ex parte* procedure); 35 U.S.C. § 312 (*inter partes* procedure).

1  discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the

2  issues in question and trial of the case; and (3) whether a stay would unduly prejudice or

3  present a clear tactical disadvantage to the non-moving party.  See Telemac Corp. v.

4  Teledigital, Inc., 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006); Fresenius Medical Care

5  Holdings, Inc. v. Baxter Intern., Inc., 2007 WL 1655625 at *3 (N.D. Cal. 2007).

6       There is a "liberal policy in favor of granting motions to stay proceedings pending the

7  outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entm't,

8  844 F.Supp. 1378, 1381 (N.D. Cal. 1994).

9  **III.   ANALYSIS**

10      **A.   STAGE OF THE LITIGATION**

11       The early stage of a litigation weighs in favor of granting a stay pending reexamination.

12  See Target Therapeutics, Inc. v. SciMed Life Sys., Inc., 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal.

13  1995) (holding that the absence of "significant discovery" or "substantial expense and time ...

14  invested" in the litigation weighed in favor of staying the litigation); see also ASCII Corp., 844

15  F.Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case

16  had not yet been set for trial).

17       Here, Plaintiffs filed their complaint in March 2010.  The parties have not exchanged

18  expert reports, conducted any depositions, or filed any dispositive motions.  Mouzari Decl. ¶¶

19  12-13.  While claim construction briefs have been filed, the claim construction hearing was

20  vacated, and no trial date is currently scheduled.

21       Nevertheless, Plaintiffs argue that this litigation should not be stayed because it is in its

22  "advanced stages."  In support of that argument, Plaintiffs note that the parties have completed

23  briefing on claim construction, and argue that, under similar circumstances, courts have denied

24  requests for stay.  Plfs.' Opp. at 2.  However, the cases that Plaintiffs rely upon are

25  distinguishable.  For example, the defendants in Roy-G-Biv Corp. v. Fanuc Ltd., 2009 WL

26  1080854 (E.D. Tex. 2009), who had notice of the patents before the plaintiff filed suit, waited

27  nearly three years to file the reexamination request from first learning of the patents-in-suit.  Id.

28  at *2.  Here, there is no indication that Defendant was aware of the patents-in-suit before

Plaintiffs filed their complaint in March of 2010.  In BorgWarner, Inc. v. Honeywell, Int'l, Inc., 2008 WL 2704818 (W.D. N.C.  2008), the defendant was aware of a "substantial portion" of the prior art as early as 2005, and only filed for reexamination approximately three years later. Id. at *2.  Finally, in I-Flow Corp. v. Apex Medical Techs., Inc., 2008 WL 2078623 (S.D. Cal. 2008), plaintiff had asserted state law claims that would be litigated regardless of whether a stay pending reexamination was granted.  Id. at *2.  Therefore, in that case, the reexamination would not truly simplify the issues for trial.  In Cynosure, Inc. v. Cooltouch Inc., 2009 WL 2462565 (D. Mass. 2009), the court denied a motion to stay filed five months after the court had held its claim construction hearing and issued an order construing the claims at issue, and after the close of fact discovery, with summary judgment motions filed by both parties and trial only a few months away.  Id. at *1.  Simply put, the circumstances presented in the cases cited by Plaintiffs are not at issue here.

In view of the circumstances of this case, the Court finds that the first factor militates in favor of a stay.

### B.    SIMPLIFICATION OF THE ISSUES AND TRIAL

The second factor examines whether a stay pending reexamination will simplify the issues in question and trial of the case.  As explained by the Federal Circuit: "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983); see also Ho Keung Tse v. Apple Inc., 2007 WL 2904279 at *3 (N.D. Cal. 2007) (Armstrong, J.) ("Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims.").

In this case, granting a stay pending issuance of a reexamination certificate will significantly narrow invalidity issues as to the '478 Patent, which is undergoing *inter partes* reexamination proceedings.  Specifically, under 35 U.S.C. § 315(c), a third-party requester

1  (here, Defendant) "is estopped from asserting at a later time, in any civil action … the
2  invalidity of any claim finally determined to be valid and patentable on any ground which the
3  third-party requester raised or could have raised during the *inter partes* reexamination
4  proceedings."  35 U.S.C. § 315(c).  Simplifying invalidity challenges directed to the '478
5  Patent would provide a benefit because invalidity comprises a significant part of patent
6  litigation.  Moreover, the simplification of issues would be substantial, as Defendant would be
7  estopped from asserting invalidity on any ground that Defendant "raised or could have raised"
8  during the reexamination proceedings.  See 35 U.S.C. § 315(c).
9         Also, while Section 315(c) is not applicable to Defendant's *ex parte* reexamination
10 requests directed to the other three patents-in-suit, a stay pending reexamination of those
11 patents would nevertheless simplify the issues and trial in this case.  Here, Plaintiffs' claims are
12 only for patent infringement, and Defendant's counterclaims are limited to requests for
13 declaratory relief – asking the Court to declare that the patents-in-suit are invalid and not
14 infringed by Defendant.  There are no issues in the case unrelated to patent infringement for
15 which the PTO's expertise resulting from the reexamination would not be helpful.  Cf. Yodlee,
16 Inc. v. Ablaise Ltd., 2009 WL 112857 at *5 (N.D. Cal. 2009) (Armstrong, J.) ("If regardless of
17 the result of the reexamination, there are still claims or counterclaims that need to be resolved
18 by the Court, then reexamination clearly fails to provide a final resolution.") (citing IMAX
19 Corp. v. In-Three, Inc. 385 F.Supp.2d 1030, 1032-1033 (C.D. Cal. 2005) (denying motion to
20 stay in part because the court must still address defendant's counterclaims, some of which are
21 completely unrelated to patent infringement)).
22        In response, Plaintiffs argue that a stay is inappropriate because the reexaminations are
23 unlikely to cancel or modify all of the patent claims at issue.  However, this Court has
24 recognized that "if the reexamination proceeding should narrow *any* of the asserted claims of
25 the [patent-in-suit], the scope of th[e] litigation may be significantly simplified."  Ho Keung
26 Tse, 2007 WL 2904279 at *8 (emphasis added); see also In re Cygnus Telecommunications
27 Technology, LLC Patent Litigation, 385 F.Supp. 2d 1022, 1024 (N.D. Cal. 2005) ("If the
28 USPTO cancels any of the 21 claims asserted in the two patents, infringement and validity

issues that could potentially be raised … would be resolved. For those claims that survive the reexamination, this court may have a richer prosecution history upon which to base necessary claim construction determinations or reconsideration."); Brass Smith, LLC v. Advanced Design Mfg. LLC, 2010 WL 5363808 at *1 (C.D. Cal. 2010) ("Cancellation of some . . . of the claims would obviously streamline . . . the litigation.").

In sum, a stay pending final resolution of the reexamination proceedings would simplify the issues in question and trial, weighing in favor of a stay.

### C. PREJUDICE AND TACTICAL CONCERNS

The third factor examines whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. It should be noted that "delay inherent in the reexamination process does not constitute, by itself, undue prejudice." Esco Corp. v. Berkeley Forge & Tool, Inc., 2009 WL 3078463 at *3 (N.D. Cal. 2009) (Armstrong, J.) (citing SKF Condition Monitoring, Inc. v. SAT Corp., 2008 WL 706851 at *6 (S.D. Cal. 2008)). Moreover, parties having protection under the patent statutory framework may not "complain of the rights afforded to others by that same statutory framework." Pegasus Dev. Corp. v. DirecTV, Inc., 2003 WL 21105073 at *2 (D. Del. 2003). Defendant here "is legally entitled to invoke the reexamination process," and the PTO has already taken up the reexaminations. See id.

Because delay inherent in the reexamination process does not constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. See KLA-Tencor Corp. v. Nanometrics, Inc., 2006 WL 708661 at *3 (N.D. Cal. 2006). In this case, Plaintiffs argue that Defendant delayed filing its reexamination requests to gain a tactical advantage. To support that argument, Plaintiffs note that there was a three-month gap between Defendant's service of its invalidity contentions and its filing of the reexamination requests. In response, Defendant asserts that its preparation of the reexamination requests took some time. It explains that the process of developing, vetting, finalizing, and drafting invalidity theories to be used in reexamination requests took eight months and nearly 2,000 hours to complete. Mouzari Decl.

¶ 11. Defendant states that the reexamination requests raise eleven substantial new questions of patentability regarding all four patents-in-suit and all forty-eight patent claims asserted by Plaintiffs, and that the requests constitute a combined 2,295 pages, including exhibits. Id. ¶ 3. In view of these factors, Defendant does not appear to have filed the reexamination requests as a dilatory tactic. See Ho Keung Tse, 2007 WL 2904279 at *4  ("[Plaintiff] has not proffered any evidence suggesting that Defendants are actually requesting reexamination for the purpose of delay; they filed their request just three months after they served their Preliminary Invalidity Contentions ….").

At bottom, Plaintiffs have failed to show, beyond the delay implicit in the reexamination process, how they would be unduly prejudiced or tactically disadvantaged if this Court were to grant a stay.  Therefore, this factor weighs in favor of granting a stay.

## IV.   CONCLUSION

For the above stated reasons,

IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Stay (Dkt. 63) is GRANTED.  This action is STAYED pending final exhaustion of all four pending reexamination proceedings, including any appeals.[2]

2. The Clerk shall ADMINISTRATIVELY CLOSE this matter.

3. The parties are instructed to submit status reports to the Court every six months, apprising the Court of the status of the pending reexamination proceedings.  The parties are advised that the failure to submit such status reports could result in dismissal of this matter.

4. Upon final exhaustion of all four pending reexamination proceedings, including any appeals, the parties shall jointly submit to the Court, within one week, a letter indicating that all appeals have been exhausted, and requesting that this matter be reopened and a case management conference be scheduled.

---

[2] While the Court orders this action stayed pending final exhaustion of all four pending reexamination proceedings, this Order does not foreclose any party from moving to reopen this action prior to completion of all of the reexamination proceedings upon a showing of compelling circumstances.

5. This Order terminates Docket 63.

IT IS SO ORDERED.

Dated: 3/1/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge